J-S18011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVE N. ALL, | |
| Appellant | No. 230 EDA 2014 |

Appeal from the Judgment of Sentence December 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0002992-2013
CP-51-CR-0044036-2011

BEFORE: BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED APRIL 24, 2015**

Appellant, Dave N. All, appeals from the judgment of sentence of a mandatory term of two to four years' incarceration, imposed after he was convicted, following a nonjury trial, of possession of a controlled substance and possession with intent to deliver a controlled substance (PWID). On appeal, Appellant challenges the sufficiency and weight of the evidence to sustain his convictions. After careful review, we conclude that Appellant's claims are waived and/or meritless. However, for the reasons stated *infra*, we are compelled to vacate Appellant's mandatory minimum sentence and remand for resentencing.

The trial court set forth the facts of this case as follows:

On October 15, 2011[,] at around 11:48 a.m., Officer Yerges and his partner[,] Officer Hazzard[,] were on patrol in an unmarked vehicle, in the area of 70th Street and Elmwood Avenue in the city and county of Philadelphia. The officers stopped their vehicle on 70th Street, just south of Elmwood. At this time, Officer Yerges observed a black male, later identified as Antwine Eure, across the street from the officers' vehicle. Officer Yerges observed Eure make a phone call and then walk directly into the alleyway behind the 7000 block of Elmwood Avenue. Eure then proceeded to the back door of 7006 Elmwood Avenue, where he knocked on the door. About a minute later, Officer Yerges observed [Appellant], … who [*sic*] Officer Yerges knew had a warrant and recognized from previous interactions, open the door. Officer Yerges observed Eure hand an unknown amount of United States currency to [Appellant] at which time [Appellant] closed the door leaving Eure on the steps. About a minute or so later, Officer Yerges observed a male with a striped shirt, later identified as Ibrahim Howard, open the door. Howard then handed Eure a baseball-size bag of alleged marijuana[,] which Eure took and put down his pants in his crotch area. Howard then went inside the rear door and Eure walked off the block. Officer Yerges allowed Eure to walk about a block, to Holbrook Street, where he stopped him. Officer Hazzard recovered a clear bag containing marijuana from Eure's crotch area.

Officer Yerges then informed Sergeant Brooks of what had transpired and that [Appellant] was in the location and that he had a warrant. Officer Yerges, along with other officers, went through the rear alleyway and knocked on the same rear door that Eure [had] approached. When the door opened, [Appellant] and Howard were right inside the rear door. Officer Hazzard immediately took [Appellant] into custody and Howard was apprehended after a short chase inside of the residence.

Recovered from [Appellant] was $25 United States currency along with a round, clear bag containing alleged marijuana, which was identical to the bag that was recovered from Eure. Howard was searched incident to arrest and nothing was found on him. The officers received a consent to search from Carmen Williams and recovered from the second floor was $109 United States currency and a larger ziplock bag that contained nine other clear plastic bags containing alleged marijuana. Also recovered were a scale, numerous new and

unused packets, a black .25 caliber Beretta Model 21A handgun, and five .38 caliber rounds.

Officer Yerges also testified that the street value of the drugs that Eure was stopped with was about $50 and that [Appellant] did not live at the address of 7006 Elmwood Avenue.

Trial Court Opinion (TCO), 9/5/14, at 1-3 (citations to the record omitted).

Based on these facts, the trial court convicted Appellant of possession of a controlled substance and PWID. The court also concluded that Appellant had committed these offenses within 1,000 feet of a school, thus triggering application of the mandatory minimum sentence of two to four years' incarceration set forth in 18 Pa.C.S. § 6317. On December 6, 2013, the court imposed that sentence for Appellant's PWID conviction. His conviction of possessing a controlled substance merged for sentencing purposes.

Appellant did not file a post-sentence motion for reconsideration of his sentence. Instead, he filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises two issues for our review:

I.    The verdict is against the weight of the evidence because:

a. The evidence was not beyond a reasonable doubt to convict [Appellant] of [PWID].

II.   The evidence was insufficient to support the verdict because:

a.   There was insufficient evidence to convict [Appellant] of [PWID].

Appellant's Brief at 3.

Initially, Appellant's weight of the evidence claim is waived. "[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (citing Pa.R.Crim.P. 607; *Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011)). "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *Id.* (citing *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009)). Here, while Appellant raised a weight of the evidence claim in his Rule 1925(b) statement and, thus, the trial court addressed it in its opinion, our review of the record confirms that he did not present this issue prior to sentencing or in a post-sentence motion. Therefore, it is waived. *Griffin*, 65 A.3d at 938.

In Appellant's second issue, he avers that the evidence was insufficient to sustain his conviction for PWID.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Caban***, 60 A.3d 120, 132-133 (Pa. Super. 2012) (quoting ***Commonwealth v. Quel***, 27 A.3d 1033, 1037-1038 (Pa. Super. 2011)).

Appellant first argues that the evidence was insufficient to sustain his conviction of PWID because there was no evidence corroborating the testimony of Officer Yerges that Appellant answered the door and accepted money from Eure. Not only does Appellant fail to cite any legal authority to support his assertion that such corroborating evidence was necessary, but his claim essentially attacks the credibility of Officer Yerges, which implicates the weight of the evidence, not the sufficiency. ***See Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa. Super. 1997) (stating that challenges to credibility determinations go to the weight, not the sufficiency, of the evidence). Therefore, Appellant's first argument is meritless.

Appellant also contends that the evidence was insufficient to convict him of PWID because (1) he was not observed giving narcotics to Eure or passing Eure's money to Howard; (2) the $25 found on Appellant's person was inconsistent with Officer Yerges' testimony that the amount of marijuana found on Eure was worth $50; (3) there was no evidence that Appellant lived, or was staying, at the property from which Eure purchased

narcotics; and (4) unlike Howard, Appellant did not attempt to flee from police, thus indicating he did not have "any consciousness of guilt...." Appellant's Brief at 10-11. In sum, Appellant avers that "based on the evidence, it is just as likely that Appellant went to the property in question to purchase marijuana for personal use, and not to sell or conspire to sell marijuana." *Id.* at 11.

We disagree. First, the fact that Appellant was not the individual who handed the drugs to Eure, and the fact that he did not flee from police, do not necessitate reversal of his PWID conviction. Second, the evidence was sufficient to support the court's conclusion that Appellant was not merely present at the property to buy narcotics. Namely, Officer Yerges testified that he observed Appellant accept money from Eure immediately before Howard provided Eure with a bag of marijuana. Directly following this transaction, Eure was stopped by police and found to be in possession of a bag of marijuana that was identical to a bag of marijuana found in Appellant's possession upon his arrest. N.T. Trial, 7/25/13, at 17. Appellant also possessed $25, which the trial court considered as circumstantial evidence that Appellant evenly split with Howard the $50 value of the bag of marijuana they sold to Eure. *See* TCO at 5. Viewing the totality of this evidence in the light most favorable to the Commonwealth, the trial court was permitted to conclude, beyond a reasonable doubt, that Appellant possessed a controlled substance with the intent to deliver it.

Nevertheless, we are constrained to vacate Appellant's judgment of sentence and remand for resentencing, as it is apparent that his sentence is illegal.[1]  Recently, the mandatory minimum sentence set forth in 18 Pa.C.S. § 6317 was held by this Court to be unconstitutional.  *Commonwealth v. Bizzel*, 107 A.3d 102 (Pa. Super. 2014) (holding that pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), 18 Pa.C.S. § 6317(b) is unconstitutional, as are subsections 6317(a) and (c) because they are not severable from subsection (b)).  Accordingly, Appellant's sentence pursuant to section 6317 is illegal, and we must vacate his sentence and remand for resentencing.

Judgment of sentence vacated.  Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015

---

[1] While Appellant does not challenge his sentence on appeal, legality of sentencing issues "can never be waived and may be raised by this Court *sua sponte*." *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014) (citing *Commonwealth v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted)).