J. S30026/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL A. RIVERA, | : | No. 2497 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 7, 2015,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0000031-2015

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 23, 2016**

Michael Rivera appeals from the judgment of sentence entered by the

Court of Common Pleas of Chester County on August 7, 2015, after he was

found guilty, in a waiver trial, of resisting arrest.[1]  We affirm.

The trial court set forth the following factual history:

> On December 23, 2014, approximately 10 to
> 15 members of the Chester County Regional
> Emergency Response Team were assigned the task
> of serving a search warrant for appellant's person,
> residence and vehicle.  All team members were
> wearing a level 3 tactical vest, which had a large
> patch on the chest and back that said "POLICE."
> There were also patches on the sleeves that said
> "POLICE."
>
> The team arrived at appellant's residence,
> which was an end-unit townhouse, at around
> 2:00 p.m.      Officer    Matthew    Jones    and

---

[1] 18 Pa.C.S.A. § 5104.

Officer Anderson, who were assigned to rear containment, went to the back of the house. As they approached, they saw appellant standing in the doorway. Officer Jones announced "Police – let me see your hands." When appellant saw them, he turned back into the house and slammed the door shut. Officer Anderson forced the door open and they went inside. Once inside, they saw appellant in the living room. It looked like he was trying to head for the front door. Officer Anderson grabbed appellant's left wrist and Officer Jones grabbed his right wrist. They brought appellant to the ground and a struggle ensued. He was rolling from side to side and flailing his legs. They tried to handcuff him with plastic zip ties[,] but he kept pulling his arms into his chest, making it hard to get his hands behind his back. Officer Rongaus replaced Officer Anderson and took control of appellant's left wrist.

Officers were yelling "search warrant," "put your hands behind your back," "stop resisting." He was not obeying their commands and was actively resisting their efforts to restrain him the entire time. Officer Jones was kicked and kneed several times. He did not know, however, whether appellant was intentionally trying to kick him or if he was just kicked as a result of appellant's flailing. As a result of being struck by appellant, he was sore and had several scrapes and bruises. He did not need medical assistance for his injuries.

Officer Jones and Officer Rongaus were not able to get control of appellant and they needed the assistance of other officers. While Officer Jones and Officer Rongaus were trying to restrain appellant's wrists, other officers were trying to contain his legs. They were still unable to zip tie him.

Chief Matthew Williams attempted to drive-stun appellant with his taser three times in order to get appellant under control. The first time, appellant stopped moving for a second but then started flailing again. The second time, appellant's clothes stopped the taser from being effective. After

the third time, the officers were able to get him under control and he was secured with zip ties.

During this ordeal, appellant was praying. He said things like "Lord, please," and "I didn't do it."

Appellant's uncle, Juan Rivera, testified on appellant's behalf. He stated that he arrived at appellant's residence around 12:15 p.m. to visit with his nephews. At around 1:30 p.m., appellant wanted to smoke a cigarette so they went outside. Mr. Rivera was standing by appellant's vehicle and appellant was standing in the doorway. Less than three minutes later, a person in camouflage approached, saying, "get down, get down, get down now." Mr. Rivera put his hands on the car and he was restrained. As the officers approached, they told him they had a warrant. He could not see what was happening in the house, but he could hear a commotion. He also heard appellant saying, "help me, help me," and something of a religious nature.

Appellant, who testified during the trial, tried to claim that he did not know it was the police who were approaching his house. He stated that he and his uncle went outside so that he could smoke a cigarette and that he then went back inside because he was done. He also testified that he complied with the officers' commands and that he did not resist, although he admitted that he was "flopping around a little bit." He did not explain why he went inside the house and locked the door, leaving his uncle outside alone.

Trial court opinion, 10/8/15 at 2-4.

J. S30026/16

Following his conviction, the trial court sentenced appellant to time served to 23 months of incarceration, but released him on immediate parole. This timely appeal followed.[2]

Appellant raises the following issues for our review:

> I. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION OF RESISTING ARREST (18 PA. C.S.A. [§] 5104)[.]
>
> II. THE GUILTY VERDICT AS TO RESISTING ARREST (18 PA. C.S.A. [§] 5104) WAS AGAINST THE GREAT WEIGHT OF EVIDENCE.

Appellant's brief, 6/22/16 at 3.[3]

---

[2] We note that on August 11, 2015, appellant timely filed his notice of appeal. On August 14, 2015, the trial court appointed counsel and also ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Through appointed counsel, appellant complied on August 25, 2015. On September 4, 2015, appellant requested that appointed counsel be withdrawn. The record reflects that the trial court never ruled on appellant's September 4, 2015 request that counsel be withdrawn. The record next reflects that on September 22, 2015, appointed counsel filed a motion for enlargement of time to file an amended Pa.R.A.P. 1925(b) statement. Also on September 22, 2015, the trial court entered an order granting appellant's motion for enlargement of time, but also ordered that the amended Rule 1925(b) statement be filed on the same day that it entered the order. Obviously, this was an error. Thereafter, on October 7, 2015, appellant, through appointed counsel, filed an amended Rule 1925(b) statement. Neither the Commonwealth nor the trial court raised a timeliness issue with respect to appellant's filing of the amended Rule 1925(b) statement.

[3] We note that on May 24, 2016, this court ordered appellant's counsel to file either a formal petition to withdraw and a proper **Anders** brief (**see Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009)) or an advocate's brief within 30 days, as his initial brief combined both. Counsel complied by filing an advocate's brief on June 22, 2016.

At the outset, the Commonwealth contends that appellant waived his sufficiency claim because his Pa.R.A.P. 1925(b) statement failed to specify which elements of resisting arrest the Commonwealth failed to sufficiently prove. It is well settled that when challenging the sufficiency of the evidence on appeal, that in order to preserve that issue for appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009), ***appeal denied***, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted).

Here, in his Rule 1925(b) statement, appellant frames his sufficiency challenge as follows: "[a]ppellant is entitled to a new trial because reviewing the evidence is [sic] the light most favorable to the Commonwealth there is insufficient evidence to prove that the Commonwealth established every element of each criminal offense beyond a reasonable doubt." (Concise statement of matters complained of on appeal, 8/25/15 at 2, ¶ 2; amended concise statement of matters complained of on appeal, 10/7/15 at 2, ¶ 2.)

Although the Commonwealth is correct that appellant's sufficiency claim as set forth in his Rule 1925(b) statement fails to identify which element or elements of resisting arrest the Commonwealth allegedly failed to prove and waiver of the sufficiency claim necessarily results, in this section of his brief, appellant sets forth certain testimony of Officer Matthew Jones

and requests that we reassess it and arrive at a different conclusion than the trial court. Appellant's argument on his first issue, therefore, challenges the weight of the evidence, not its sufficiency. **See Gibbs**, 981 A.2d at 281-282 (holding that an argument that the fact-finder should have credited one witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence); **Commonwealth v. Wilson**, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); **Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence). Therefore, even if appellant did not waive his sufficiency claim for the reason the Commonwealth raised, it would nevertheless be dismissed.

In his second issue, however, appellant does contend that the verdict was against the weight of the evidence.[4]

> . . . The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> . . . .

---

[4] The record reflects that although appellant did not file a post-sentence motion, appellant preserved this claim for appellate review by challenging the weight of the evidence immediately following the verdict. (Notes of testimony, 8/7/15 at 291.)

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

. . . .

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-1055 (Pa. 2013) (citations and quotation marks omitted). "In order for a defendant to prevail on a challenge to the weight of the evidence, 'the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2015).

Here, appellant complains that:

Simply put, the trial judge disregarded the testimony of the appellant who claimed that he was thrown to the ground by the officers and tased which was corroborated by the testimony provided by [C]ommonwealth witnesses. This testimony, if believed, suggest [sic] that the officers were aggressively securing the residence for a search warrant. Moreover, this testimony would establish that appellant did not create the situation requiring

> the use of force by officers and/or that appellant was only engaged in a scuffle with the other officers.
>
> . . . .
>
> [D]espite clear corroboration from Juan Rivera[, appellant's uncle], the only other civilian eyewitness, the trial judge failed to properly weigh appellant's testimony that he was unaware that the individuals who entered the house were police officers.

Appellant's brief, 6/22/16 at 21-22.

We decline appellant's invitation to reassess the credibility of the witnesses and to reweigh the evidence. The trial court, as fact-finder, had the duty to determine the credibility of the testimony and evidence presented at trial. *Talbert*, 129 A.3d at 546 (citation omitted). Appellate courts cannot and do not substitute their judgment for that of the fact-finder. *See id.* Here, the trial court found the Commonwealth's witnesses credible, and it did not believe appellant's version of events. (Trial court opinion, 10/8/15 at 5.) After carefully reviewing the record, we conclude that the trial court's verdict was not so contrary to the evidence that it shocks the conscience of this court. Rather, our review of the record supports our conclusion that the trial court properly exercised its discretion in denying appellant's weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016