J-A17037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL MCLAUGHLIN, | |
| Appellant | No. 3453 EDA 2016 |

Appeal from the Judgment of Sentence March 21, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007870-2015

BEFORE: GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                  **FILED AUGUST 28, 2017**

Appellant, Michael McLaughlin, appeals from the judgment of sentence imposed following his bench trial conviction of possessing an instrument of crime (PIC) and recklessly endangering another person (REAP).[1]  Appellant challenges the sufficiency and the weight of the evidence.  Specifically, he claims the Commonwealth failed to disprove his claim of self-defense.  We affirm.

The certified record of this case confirms that the Honorable Joan Brown, who presided at the bench trial, is no longer sitting as a judge in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Court found Appellant not guilty of the other charges, aggravated assault, and simple assault.  (**See** N.T. Trial, 3/21/16, at 44).

Philadelphia County; the record was forwarded to this Court without an opinion.

We take the facts of the case from our independent review of the certified record. Appellant testified in his own defense. The victim, John Wallace, though present at trial, did not testify. There is no dispute that Wallace suffers from mental illness and has a diminished mental capacity; the record also confirms that he has a significant speech impediment. He receives social security benefits for his disabilities.

On July 3, 2015, Appellant got into a physical altercation with Wallace, in the communal kitchen of the rooming house where they were both boarders. (**See** N.T. Trial, 3/21/16, at 6-11).

Another tenant, Gloria Paolella, was present during the fight at issue. She testified for the Commonwealth.[2] Ms. Paolella conceded on cross–examination that in part because of his mental health issues, Wallace could sometimes be prone to violent outbursts. (**See id.** at 17).

According to Appellant, the incident on the date in question began when Wallace brushed up against or bumped into him. Appellant was in the kitchen making a cup of lemonade for his wife. Appellant called Wallace a name (not otherwise specified) and threw the lemonade at him.

_____

[2] Ms. Paolella also testified she had known Wallace for fifteen to twenty years, and was the designated recipient for his social security disability benefits.

Wallace jumped up from his seat and held Appellant in some sort of bear hug.[3]   It appears that punches were exchanged.  To free himself, Appellant struck Wallace repeatedly in the head with a ceramic cup, from Wallace's crown to his forehead, until Wallace let go and fled outside onto the street.

Neighbors saw him bleeding profusely.  They called the police and emergency medical technicians.  Wallace was hospitalized, and needed at least nine surgical staples to close the open wounds.[4]

As noted, the trial court acquitted Appellant of both simple and aggravated assault, but convicted him of REAP and PIC.  The court sentenced him to two consecutive two-year terms of reporting probation. (**See** Sentencing Order, 3/21/16).  This *nunc pro tunc* appeal followed the denial of Appellant's post-sentence motion, (which included a challenge to the weight of the evidence), by operation of law.

Appellant raises two questions on appeal:

> I. Whether the trial court erred in finding the Commonwealth presented sufficient evidence to disprove Appellant's claim of self-defense and convict Appellant of

---

[3] Appellant claims that Wallace threw him against the wall.

[4] Appellant testified that he also went to a (different) hospital emergency room for scrapes and contusions.  (**See** N.T. Trial, at 35).  Other than Appellant's own testimony, there is no evidence of record concerning his injuries.  (**See id.** at 6-15, 20-29).

[p]ossession of an [i]nstrument of [c]rime and [r]ecklessly [e]ndangering [a]nother [p]erson[?]

II. Whether the trial court erred in denying Appellant's post-sentence motion for a new trial where the verdict was against the weight of the evidence because the Commonwealth failed to disprove Appellant's claim of self-defense[?]

(Appellant's Brief, at x).

Preliminarily, both Appellant's sufficiency and weight claims rely predominantly on his contention that the Commonwealth failed to overcome his assertion of self-defense. (*See id.* at 1-12). Accordingly, we will address the self-defense claim first.

Citing **Commonwealth v. Torres**, 766 A.2d 342 (Pa. 2001), Appellant posits that once he met the burden to introduce some evidence of self-defense, the Commonwealth had the burden to disprove self-defense beyond a reasonable doubt.[5] (*See* Appellants Brief, at 1; *passim*). He argues that the Commonwealth failed to do so. We disagree.

_____

[5] Notably, Appellant never made a formal, explicit claim of self-defense at trial. Self-defense is never mentioned. (*See* N.T. Trial, 3/21/16, at 1-49). His claim was implicit at best, consisting largely of trial testimony, repeated in the brief on appeal, that Wallace was a much larger, stronger man. Curiously, in light of his heavy reliance on self-defense in this appeal, at trial Appellant turned aside several suggestions from counsel to confirm that he was afraid of Wallace. (*See, e.g.*, *id.* at 38, 42). Appellant would only concede that he was "concerned" about Wallace's erratic behavior. (*Id.*). On these facts, we would have been open to consideration of whether Appellant had waived his claim of self-defense on appeal. However, because the Commonwealth concedes that Appellant made a claim of self–defense, (*see* Commonwealth's Brief, at 7-18), albeit in the course of arguing against

*(Footnote Continued Next Page)*

The use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. *See* 18 Pa.C.S. § 505(a). When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.

*Torres*, *supra* at 345. (case citations omitted).

**(a) Use of force justifiable for protection of the person.**—The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

18 Pa.C.S.A. § 505(a).

The Commonwealth sustains this burden [to disprove self-defense] if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) **the accused provoked or continued the use of force**; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

*Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa. Super. 2014) (citations omitted) (emphasis added). "In reviewing a claim based upon the sufficiency of the evidence, the appellate court must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

it, we will give him the benefit of the doubt and review his self-defense claim on the merits.

of all reasonable inferences to be drawn therefrom." ***Torres***, ***supra*** at 344 (citation omitted).

Here, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the trial court, sitting as factfinder, was free to accept Ms. Paolella's testimony as evidence that Appellant escalated a verbal encounter into a physical assault when he threw the lemonade at Wallace. (***See*** N.T. Trial, at 9).

In fact, despite Appellant's testimony that Wallace started the physical confrontation, at oral argument counsel for Appellant conceded the throwing of the lemonade at Wallace by Appellant. Therefore, viewed in the light most favorable to the Commonwealth, the trial court had sufficient evidence (confirmed on appeal) to infer that Appellant by his own actions provoked or continued the use of force by Wallace.

Appellant's provocation is particularly noteworthy in light of his trial testimony that he was especially concerned about a physical fight with Wallace, owing to his own brain surgery in 1992. (***See id.*** at 34, 36). Furthermore, he repeatedly described Wallace as a significantly larger man, who had "super human" strength. (***Id.*** at 34).

Drawing all reasonable inferences in favor of the Commonwealth as verdict winner, we have no hesitation in concluding that the trial court properly determined that Appellant failed to prevail on his claim of self-defense. The trial court sitting as fact finder had ample evidence to

conclude that Appellant was the aggressor who provoked Wallace by throwing lemonade on him, and who used excessive force to repel Wallace when Wallace responded. Appellant's self-defense claims would not merit relief.

Moreover, Appellant's challenges to sufficiency and weight would also fail. Our standard of review for a claim against the sufficiency of the evidence is well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Smith**, **supra** at 790 (citation omitted).

Here, Appellant first challenges the sufficiency of the evidence for his conviction of PIC. (**See** Appellant's Brief, at 1-3).

"A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. §

- 7 -

907(a). Instruments of crime include "[a]**nything used for criminal purposes** and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." *Id.* at 907(d) (emphasis added).

Appellant argues, erroneously and without supporting authority, that "the cup was not a weapon." (Appellant's Brief, at 12). We disagree.

"A deadly weapon need not be, of course, an inherently lethal instrument or device." *Commonwealth v. McCullum*, 602 A.2d 313, 323 (Pa. 1992) (noting an ax, baseball bat, iron bar, heavy cuspidor, and even a bedroom slipper have been held to constitute deadly weapons); *see also Commonwealth v. Chambers*, 157 A.3d 508, 518 (Pa. Super. 2017) (mace/pepper spray held to be an instrument of crime, noting that egg thrown from a roof at windshield, clothes iron, paint stick also held to be instruments of crime) (collecting cases).

In this case, Appellant used the cup he was carrying as a blunt force object to inflict multiple wounds on Wallace's head causing profuse bleeding which required hospitalization and at least nine surgical staples to close the wounds up. Appellant's PIC claim fails.

Appellant also challenges the sufficiency of the evidence for REAP. (*See* Appellant's Brief, at x).

> A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

However, apart from the unsuccessful self-defense claim, Appellant fails to develop an independent argument supported by pertinent authority of the insufficiency of the evidence for the REAP conviction. (*See* Appellant's Brief, at 1-16). Accordingly, that claim is waived. *See* Pa.R.A.P. 2119(a), (b).

Moreover, the claim would not merit relief. The trial court had ample evidence from which to conclude that Appellant inflicted multiple wounds to Wallace's head, putting him in danger of serious bodily injury or death. Even if it were not waived for failure of development, under our standard of review, Appellant's challenge to the sufficiency of the evidence for REAP would not merit relief.

Additionally, Appellant challenges the weight of the evidence. (*See* Appellant's Brief, at 14-15). He argues that the trial court's verdict shocks the conscience. (*See id.* at 15). We disagree.

> For this Court to reverse the jury's verdict on weight of the evidence grounds, we must determine that the verdict is so contrary to the evidence as to "shock one's sense of justice." Our standard of review of a weight of the evidence claim is well-settled.
>
> > Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **One of the least assailable reasons** for granting or denying a new trial is the lower court's

conviction that the verdict was or was not against the weight of the evidence and that a new trial should not be granted in the interest of justice.

*Commonwealth v. Hitner*, 910 A.2d 721, 733 (Pa. Super. 2006), *appeal denied*, 926 A.2d 441 (Pa. 2007) (citation omitted) (emphasis added).

[A] challenge [to the weight of the evidence] concedes that sufficient evidence was adduced to convict the defendant but that the verdict must nevertheless be overturned because the evidence was untrustworthy and unreliable. It is not the function of an appellate court, which has only the cold record to review, to determine whether the evidence was credible.

*Commonwealth v. Gaskins*, 692 A.2d 224, 228 (Pa. Super. 1997) (citations omitted).

Preliminarily, we observe that Appellant's weight claim, like his sufficiency claim, is premised primarily on his claim of self-defense. (**See** Appellant's Brief, at 15). It fails for the same reason.

Moreover, aside from a brief introductory citation to cases for general principles of law not in dispute, Appellant does not develop an argument that the trial court abused its discretion, or present controlling authority in support of his specific weight claim.

Instead, Appellant merely engages in a self-serving review of the evidence, without citation to the record or pertinent authority, to reach the conclusion that the court's verdict shocks the conscience. (**See id.** at 14-16). We decline the invitation to an impermissible re-weighing of the evidence. The learned trial court's verdict (which gave Appellant the benefit

of an acquittal on both simple and aggravated assault), does not shock the conscience of this Court. Appellant's weight claim would not merit relief.

Finally, we note that Appellant purports to challenge the terms of his sentence of probation. (**See** Appellant's Brief, at 16). Appellant's claim is waived and would not merit relief.

First, Appellant omitted this claim from his Statement of Questions Involved. (**See** Appellant's Brief, at x). Accordingly, he failed to preserve his issue under our rules of appellate procedure. **See** Pa.R.A.P. 2111(a)(4); Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Nor did Appellant raise this claim in his post-sentence motion, or afterward when the sentence transcript became available. **See** Pa.R.Crim.P. 720(A)(1); (**see also** Post Sentence Motion, 3/31/16, at unnumbered pages 1-2).

Moreover, his claim of a discrepancy between the term of probation announced after trial and the term in the sentencing order would not merit relief.

> In Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed. As we have stated, the "signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence." **Commonwealth v. Isabell**, 503 Pa. 2, 12, 467 A.2d 1287, 1292 (1983) (internal quotation marks and citations omitted) . . . .

***Commonwealth v. Borrin***, 80 A.3d 1219, 1226–27 (Pa. 2013) (some citations omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/2017