J. S47037/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PATRICK T. FRIES, | : | No. 2627 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 17, 2016,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0004483-2015

BEFORE:  LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 15, 2017**

Appellant, Patrick T. Fries, appeals from the May 17, 2016 judgment of sentence entered in the Court of Common Pleas of Delaware County after a jury convicted him of rape of a child, aggravated indecent assault of a child, and indecent assault -- complainant less than 13 years old.[1]  The trial court imposed an aggregate sentence of 15 to 30 years of imprisonment.  We affirm.

The trial court set forth the following factual history:

> Due to the on-again, off-again incarceration of their mother [], the victim in this matter B.M., then 12 years old, and her younger sister M.M. were in the legal custody of their grandmother[]. [Grandmother] enlisted the help of the [a]ppellant to help care for the victim and her sister.  Appellant was a friend of the children's mother.

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), and 3126(a)(7), respectively.

At trial, the victim testified that she was at [a]ppellant's home on January 10, 2015. After several hours there, she went to sleep and she awoke in the middle of the night to find the [a]ppellant on top of her with his penis in her vagina. On January 21, 2015, the victim went to the home of her friend, [B.M.], age 13, and told her friend that she had been raped by the [a]ppellant. The victim's mother and grandmother were contacted shortly thereafter and the next day they went to the Prospect Park Police Department to make formal allegations to Sgt. William Bozeman. Subsequently, they were directed to Taylor Hospital where a physical examination of the victim was conducted by emergency room physician, Dr. Tameka King.

The [a]ppellant was subsequently arrested and charged with Rape of a Child and related charges. At trial, all of the aforementioned persons testified on behalf of the Commonwealth. In addition thereto, Dr. June Messam was qualified at trial as an expert in the field of child sexual abuse evaluations and pediatrics. She examined the victim on March 11, 2015 and testified that on the date of the examination, the victim had physical findings "consistent with a patient like [B.M.] reporting that she was sexually assaulted[."]

The [a]ppellant testified in his own defense. He denied raping the victim or ever touching her. He further testified that earlier in the day in which she originally reported the assault, he and the victim had an argument concerning his disciplining of her and her wanting her mother back in her life and him out of it. He testified that she told him "if you don't allow my mom to come back I am going to say that you did something. . . . I will make it up if I have to. . . ."

Additionally, the [a]ppellant's mother, Maureen Fries, testified that on the night in question she observed the victim sleeping alone in a chair in the downstairs living room on multiple occasions

> throughout the night as opposed to the [a]ppellant's bedroom on the second floor where the victim testified the assault took place. The defense also introduced a series of text messages sent back and forth between the victim and the [a]ppellant covering the period between the actual assault and the day she first reported it (11 days later) which could be characterized as friendly in nature and not consistent with something being exchanged between a victim and her rapist. Finally, the [a]ppellant offered several character witnesses testifying to his good character as a law abiding and non-violent person.

Trial court opinion, 12/6/16 at 2-3 (citations to notes of testimony and footnote omitted; ellipses in original).

The record reflects that following his conviction and imposition of sentence, appellant filed both a post-trial motion and a motion for reconsideration of sentence, which the trial court denied. The trial court then appointed counsel to represent appellant on direct appeal. Appellant filed a timely notice of appeal, and the trial court ordered appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, and the trial court then filed its Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:

> [1.] Did the Trial Court abuse its discretion when it denied the Appellant's Motion in Limine to exclude prior bad acts?
>
> [2.] Whether the evidence was sufficient to support the convictions?
>
> [3.] Whether the convictions were against the weight of the evidence?

Appellant's brief at 7.

Appellant first complains that the trial court abused its discretion when it denied appellant's motion **_in limine_** to exclude prior bad acts.

"On appeals challenging an evidentiary ruling of the trial court, our standard of review is limited. A trial court's decision will not be reversed absent a clear abuse of discretion." **_Commonwealth v. Aikens_**, 990 A.2d 1181, 1184 (Pa.Super. 2010) (citations omitted). "Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **_Id._** at 1184-1185 (citations omitted).

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2).[2]

---

[2] **Rule 404. Character Evidence; Crimes or Other Acts**

. . . .

**(b) Crimes, Wrongs or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person

> In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

***Id.*** at 1185 (citations to case law omitted).

Here, the record reflects that the trial court permitted the Commonwealth to introduce evidence of prior bad acts; specifically, the victim's testimony that during a trip to North Carolina, the victim fell asleep on a pull-out couch and awoke in appellant's bed; that there were other incidents that occurred at appellant's home where the victim would wake up in appellant's bed, despite falling asleep elsewhere, and that her clothes would be disheveled or removed; and that appellant would have the victim exercise at his home. (Order granting Commonwealth's motion to admit evidence under Pa.R.E. 404(b), 1/19/16.)

---

> acted in accordance with the character.
>
> **(2)   Permitted Uses.**   This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
>         . . . .

Pa.R.E. 404(b)(1)-(2).

The trial court permitted the Commonwealth to present this evidence:

> for the purpose of: (1) demonstrating [appellant's] intent in regard to his actions toward the child-victim, (2) to refute any claim of mistake in regard to the nature of [appellant's] actions, and (3) evidence which formed part of the chain or sequence of events, the **res gestae** exception, leading to the alleged crime at issue and it enhanced the natural development of the facts.
>
> [] The prior incidents involving the same child-victim were part of the history of the case. In addition, the Court held that the probative value of the additional evidence outweighed any potential prejudice against [a]ppellant. The evidence established [appellant's] intent, common plan, scheme or design to engage in unlawful, and similar, sexual conduct with the alleged victim.

Trial court opinion, 12/6/16 at 9-10; **see also** order granting Commonwealth's motion to admit evidence under Pa.R.E. 404(b), 1/19/16 at unnumbered page 4, ¶¶ 12-13.

Appellant complains that the admission of the victim's testimony that she fell asleep with knowledge of how she was dressed and with knowledge that appellant was in close physical proximity, only to wake up -- sometimes in appellant's bed -- to find her clothes in disarray, backwards, and/or removed was an abuse of discretion because this testimony was not corroborated; no expert testified that "the victim had been the victim of numerous prior sexual assaults"; the victim did not testify that appellant was "in any way responsible for these clothing incidents;" that "[i]t is an unnatural leap to suggest that because a young woman woke on occasions

with her clothes in disarray that it shows: Intent to rape; absence of mistake as to [a]ppellant's actions; or the history of the case" and that the "prejudice outweighs ANY probative value." (Appellant's brief at 18 (emphasis in original).) We disagree.

First, we are aware of no law, and appellant fails to cite to any, that requires that the victim's testimony be corroborated to be admissible as a prior bad act. Second, the victim's testimony was not admitted to demonstrate that appellant had sexually assaulted her in the past. Rather, the testimony was admitted for the purpose of showing appellant's intent to commit the crimes of which he was convicted, absence of mistake in the commission of those crimes, and to set forth the natural development of the facts of the case giving rise to the crimes of which appellant was convicted. Finally, appellant has failed to demonstrate how this testimony was so prejudicial as to cause the jury to decide the case on an improper basis. This court has emphasized that "evidence will not be prohibited merely because it is harmful to the defendant. [A trial] court . . . is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand." ***Commonwealth v. Page***, 965 A.2d 1212, 1220 (Pa.Super. 2009). ***See Commonwealth v. Foley***, 38 A.3d 882, 891 (Pa.Super. 2012) (exclusion of evidence on the grounds that it is prejudicial "is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon

something other than the legal propositions relevant to the case"). Here, the victim did not testify that appellant had previously sexually assaulted her or that appellant was responsible for removing her clothes or causing them to be in disarray while she was asleep. To the contrary, the victim merely testified to occasions where she would fall asleep in one state of dress and inexplicably wake up in another -- and, on some of those occasions, she would wake up in appellant's bed. We find no abuse of discretion.

Appellant next complains that the evidence was insufficient to support his convictions. Preliminarily, it is well settled that when challenging the sufficiency of the evidence on appeal, that in order to preserve that issue for appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009), ***appeal denied***, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted).

Here, in his Rule 1925(b) statement, appellant fails to identify which element or elements of the crimes of which he was convicted were insufficient. Rather, appellant meagerly frames his sufficiency challenge, as follows: "The evidence was insufficient to support the jury's verdict of guilty [of] Rape of a Child, Aggravated Indecent Assault of a Child under 13 years of age and Indecent Assault of a Person under 13 years of age." (Appellant's concise statement of matters complained of on appeal pursuant

to Pa.R.A.P. 1925(b), 10/17/16 at unnumbered page 2, ¶ 5.) Therefore, appellant failed to preserve his sufficiency challenge for appeal.

Nevertheless, a reading of appellant's brief reveals that appellant challenges the sufficiency and the weight of the evidence within the same argument, contending that the "record is rife with inconsistencies." (Appellant's brief at 19.) Appellant's sole challenge with respect to the evidence, therefore, is to its weight, not its sufficiency. *See* *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence).

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> . . . .
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so

> clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> . . . .
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-1055 (Pa. 2013) (citations and quotation marks omitted). "In order for a defendant to prevail on a challenge to the weight of the evidence, 'the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2013).

In his brief, appellant invites us to do nothing more than assess witness credibility and reweigh the evidence in an attempt to convince us to reach a different result than the jury reached. We decline appellant's invitation. The jury, as fact-finder, had the duty to determine the credibility of the testimony and evidence presented at trial. *See Talbert*, 129 A.3d at 546 (citation omitted). Appellate courts cannot and do not substitute their judgment for that of the fact-finder. *See id.*

Our review of the record supports our conclusion that the trial court properly exercised its discretion in denying appellant's weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017