J. S47039/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALFRED WHITEFIELD, | : | No. 2103 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 26, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0014999-2013,
CP-51-CR-0015000-2013

BEFORE:  LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 31, 2017**

Alfred Whitefield appeals from the January 26, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a waiver trial of two counts of first-degree murder and one count each of carrying firearms on public streets or public property in Philadelphia, possessing instruments of crime, and recklessly endangering another person.[1]  The trial court imposed consecutive life sentences without the possibility of parole on the first-degree murder convictions and concurrent terms of incarceration on the remaining convictions.  We affirm.

The trial court set forth the following factual history:

> In the early evening hours of April 23, 2013, Carmen Medina was on her way to be admitted to an

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 6108, 907(a), and 2705, respectively.

inpatient clinic at Gaudenzia House, accompanied by her ten year old son, Joseph Hernandez, Thomas Gorman and Yvette Davila. Ms. Medina stopped at the intersection of Gurney and Swanson Streets, a drug corner that her family claimed to own and rented for the sale of drugs for five hundred dollars a week. Ms. Davila testified that when they arrived at the corner, Ms. Medina exited the car and conferred with [appellant], then returned to the car with [appellant], opened the rear door and instructed Ms. Davila to look at [appellant] so Ms. Davila would be able to recognize him later. Ms. Medina told [appellant] that if she could not pick up the rent, that Davila would pick up the money for her. Carmen Medina closed the door and started walking around the back of the vehicle towards the driver's side of the SUV. [Appellant] had started to walk away before turning back and firing shots at Medina and the front passenger, Thomas Gorman. Yvette Davila grabbed the young boy and ducked down in the back seat of the vehicle until the shots stopped.

In addition to Ms. Davila's eyewitness testimony, the prosecution presented the testimony of Angel Torres, a fellow inmate incarcerated with [appellant], who testified that [appellant] confessed to him that Medina was demanding $500 in rent for the corner on which he sold heroin, that he no longer wanted to pay her, and that when they walked back to the car[,] he shot and killed Medina and Gorman. Additionally, Patricia Brown testified that she was [appellant's] girlfriend in 2013 and she was told by [appellant] to cut off service to his phone as he was afraid the police would be able to trace the phone. [Appellant] was correct, as Detective James Dunlap was able, through triangulation, to pinpoint the location of [appellant's] phone at the time of the murder to the scene of the double homicide.

Trial court opinion, 10/14/16 (citations to notes of testimony omitted).

The record reflects that appellant filed a timely post-sentence motion, which was denied on June 6, 2016, by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a). Appellant then filed a timely notice of appeal. Following a grant of extension of time, appellant timely filed his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> [1.] Whether the verdict was against the sufficiency of the evidence[?]
>
> [2.] Whether the verdict was against the weight of the evidence[?]

Appellant's brief at 4.

Appellant first complains that the evidence was insufficient to sustain the verdict. Preliminarily, we note that it is well settled that when challenging the sufficiency of the evidence on appeal, that in order to preserve that issue for appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009), ***appeal denied***, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted).

Here, in his Rule 1925(b) statement, appellant fails to identify which element or elements of any of the crimes of which he was convicted were insufficient. Rather, appellant meagerly frames his sufficiency challenge, as

follows: "The verdict was against the sufficiency of the evidence." ("Concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)," 8/9/16 at 1 ¶ 2.) Appellant then raises a weight claim, followed by a statement that "[a]lthough the standards are different for the [sufficiency and weight issues], I will place them into one fact pattern." (*Id.*) Appellant then sets forth four pages of argument attacking witness credibility in violation of Pa.R.A.P. 1925(b)(4), which requires, among other things, that the Rule 1925(b) statement concisely identify each challenged ruling or error and that the statement should not provide lengthy explanations of errors. *See* Pa.R.A.P.(b)(4)(ii) and (iv).

Therefore, based on the certified record before us, as well as appellant's brief, appellant's sole challenge is to the weight of the evidence, not its sufficiency. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence).

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

. . . .

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

> . . . .

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Clay***, 64 A.3d 1049, 1054-1055 (Pa. 2013) (citations and quotation marks omitted). "In order for a defendant to prevail on a challenge to the weight of the evidence, 'the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" ***Commonwealth v. Talbert***, 129 A.3d 536, 546 (Pa.Super. 2013).

In his brief, appellant invites us to assess witness credibility and reweigh the evidence. We decline the invitation. The trial court, as fact-finder, had the duty to determine the credibility of the testimony and evidence presented at trial. ***See Talbert***, 129 A.3d at 546 (citation

omitted).  Appellate courts cannot and do not substitute their judgment for that of the fact-finder.  ***See id.***

Our review of the record supports our conclusion that the trial court properly exercised its discretion in denying appellant's weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017