J. S62044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
              v.   :
  :
SAMUEL JAMES,   :   No. 3789 EDA 2017
  :
        Appellant   :


Appeal from the Judgment of Sentence, May 31, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0012389-2015


BEFORE: LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 30, 2018**

Samuel James appeals from the May 31, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a waiver trial of robbery and simple assault.[1] Appellant received an aggregate sentence of 24 to 48 months of incarceration. We affirm.

At the outset, we note that the record reflects that at some point after imposition of sentence but before appellant filed a PCRA[2] petition that resulted in his direct appeal rights being restored ***nunc pro tunc***, the trial judge in this matter, the Honorable Paul Panepinto, was reassigned. The

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv) and 2701(a), respectively.

[2] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

record further reflects that appellant's PCRA petition was assigned to the Honorable Giovanni Campbell who reinstated appellant's direct appeal rights ***nunc pro tunc***. Judge Campbell authored the opinion pursuant to Pa.R.A.P. 1925(a) in this direct appeal. In this memorandum, we refer to Judge Campbell as the "trial court."

The trial court set forth the following factual history:

> On November 17, 2015, at about 6:00 PM, Jamie Ford was leaving work, heading to the train station. She was at 17th and JFK Boulevard, about to head down the stairs to the train when she was approached by a woman who asked if she had a lighter. 20-30 seconds later, the same woman, along with [a]ppellant, approached Ms. Ford, getting close to her. Ms. Ford felt uncomfortable and proceeded to turn away.[Footnote 2]
>
> > [Footnote 2] Appellant is physically male but presents as a female. Hence the interchangeable use of male and female pronouns throughout the course of the trial and sentencing transcripts.
>
> As Ms. Ford turned to walk away, [a]ppellant grabbed Ms. Ford's handbag, which she was holding with the strap wrapped around her arm. Appellant attempted to pull the bag away from Ms. Ford, and a 20-30 second struggle for the bag ensued. As Ms. Ford broke free, [a]ppellant grabbed her hair and pulled out some of it.
>
> Ms. Ford ran into a nearby building and notified the security guards, who called 911 for her. Philadelphia Police Officer Mike Blatchford responded to the location. When the officer encountered Ms. Ford, she was crying, shaking and holding her head. Ms. Ford identified [a]ppellant to the police officer.

> Photographs of Ms. Ford's bag showed visible damage to the bag, caused by the struggle as [a]ppellant attempted to take the bag.

Trial court opinion, 2/14/18 at 2-3 (citations to record omitted).

Following appellant's conviction and imposition of sentence,

> [o]n June 20, 2016, counsel for [a]ppellant filed an untimely post sentence motion for reconsideration of sentence and a motion for leave to file said motion, ***nunc pro tunc***. The motion for leave to file ***nunc pro tunc*** was denied on July 6, 2016, and the motion for reconsideration was denied on the merits.
>
> On August 10, 2016, [a]ppellant filed a ***pro se*** petition under the [PCRA] seeking reinstatement of his appellate rights and leave to file for reconsideration of sentence.
>
> On March 9, 2017, the PCRA petition was assigned to this Court, because Judge Panepinto was no longer assigned to the First Judicial District's Trial Division.
>
> An amended PCRA petition was filed by appointed counsel on July 24, 2017.
>
> On October 11, 2017, an evidentiary hearing was held on the PCRA Petition.
>
> On October 12, 2017, the Court granted the PCRA petition only to the extent that [a]ppellant was given leave to file an appeal ***nunc pro tunc***, his request to file a motion for reconsideration was denied.
>
> A timely notice of appeal was filed on November 3, 2017.
>
> Pursuant to Pa.R.A.P. 1925(b)(2) and (3), the Court entered an order on November 27, 2017, directing the filing of a Statement of Errors Complained of on Appeal, not later than twenty-one (21) days after entry of the order.

On December 7, 2017, [a]ppellant filed a Statement of Errors Complained of on Appeal.

*Id.* at 1-2 (footnote 1 omitted).

Appellant raises the following issues for our review:

I. Whether the verdict was insufficient as a matter of law, due to the inconsistency and insufficiency of testimony, and whether the elements of the crimes were sufficiently proven in the Commonwealth's case-in-chief[?]

II. Whether the verdict was against the weight of the evidence adduced at trial[?]

III. Whether the PCRA court erred in not granting relief on the PCRA petition alleging [trial counsel] was ineffective for failing to file motions challenging the harsh and reasonable sentence[?]

Appellant's brief at 9.

Appellant first challenges the sufficiency of the evidence to sustain his convictions. It is well settled that when challenging the sufficiency of the evidence on appeal, that in order to preserve that issue for appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009), ***appeal denied***, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted).

In his Rule 1925(b) statement, appellant frames his sufficiency challenge as follows: "The verdict was contrary to law for the reasons stated by trial counsel at the trial." (Appellant's "statement of matters complained

of on appeal," 12/7/17 at 1, ¶ 1.) Because appellant failed to specify the element or elements of the conviction or convictions upon which he now claims the evidence was insufficient, appellant waives this issue on appeal. *See Gibbs*, 981 A.2d at 281.

Nevertheless, we note that a reading of appellant's argument on this issue reveals that appellant challenges the credibility of the Commonwealth's witnesses while attempting to bolster his own testimony. (Appellant's brief at 18-19.) In so doing, appellant challenges the weight of the evidence, not its sufficiency. *See*, *e.g.*, *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence).

In his second issue on appeal, appellant raises a weight of the evidence claim. In order to raise a weight claim on appeal, however, Pennsylvania Rule of Criminal Procedure 607 requires an appellant to raise the claim with the trial judge in a motion for a new trial "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of

the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, comment.

Our review of the certified record before us reveals that appellant failed to raise his weight claim with the trial judge in a motion for a new trial orally, on the record, prior to sentencing; by written motion prior to sentencing; or in a post-sentence motion. Accordingly, appellant waives his weight claim on appeal.

Appellant finally claims that trial counsel was ineffective for failing to file motions challenging appellant's sentence as harsh and unreasonable. Appellant's claim of ineffectiveness of trial counsel, however, must be deferred to collateral review pursuant to the dictates of our supreme court in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), wherein our high court held that a claim of ineffective assistance of counsel cannot be entertained on direct appeal. Only in specific limited circumstances may a defendant raise ineffectiveness claims in post-sentence motions and on direct appeal. **See**, **e.g.**, **Commonwealth v. Holmes**, 79 A.3d 562, 563-564 (Pa. 2013) (trial judge has discretion to entertain ineffectiveness claims on post-verdict motions and direct appeal where: (1) claim of ineffectiveness is apparent from record and meritorious to the extent that immediate consideration best serves interests of justice; or (2) where good cause is shown and defendant knowingly and expressly waives his

entitlement to seek subsequent PCRA review from his conviction and sentence). These exceptions do not apply here.

We finally note that appellant filed his notice of appeal of the judgment of sentence entered on May 31, 2016, in accordance with the PCRA court's October 12, 2017 order that reinstated his direct appeal rights ***nunc pro tunc***, but that denied his request for reinstatement of his right to file post-sentence motions ***nunc pro tunc***. What is procedurally difficult in this case is that in the same order that granted appellant the right to appeal his judgment of sentence ***nunc pro tunc***, Judge Campbell, in a footnote to the order, resolved the ineffective assistance of counsel claim as it related to trial counsel's untimely filing of a post-trial motion. This the court should not have done.

> In ***Commonwealth v. Pate***, 421 Pa. Super. 122, 617 A.2d 754 (Pa.Super. 1992) we determined that "once a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition." ***Pate***, 617 A.2d at 757, citing ***Commonwealth v. Hoyman***, 385 Pa. Super. 439, 561 A.2d 756 (Pa.Super. 1989). "Rather, once the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there." ***Id.***(citation omitted).

***Commonwealth v. Harris***, 114 A.3d 1, 3-4 (Pa.Super. 2015)

When appellant's direct appeal is concluded, the clock starts anew for petitioning for PCRA relief. If appellant wished to pursue the PCRA court's improper denial of his ineffectiveness claim in the context of PCRA

proceedings, he should have filed a second appeal from Judge Campbell's denial of relief. The failure to do so precludes us from reviewing appellant's ineffectiveness claim on direct appeal.

Judgment of sentence affirmed.

Lazarus, J. joins this memorandum.

McLaughlin, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/18