J-S84012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MACKIE DENT, | |
| Appellant | No. 1692 EDA 2017 |

Appeal from the Judgment of Sentence Entered April 13, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005400-2013

BEFORE:  BENDER, P.J.E., OTT, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 02, 2019**

Appellant, Mackie Dent, appeals from the judgment of sentence of an aggregate term of 3 to 6 years' incarceration, followed by 4 years' probation, imposed after a jury convicted him of three counts of possession with intent to deliver (PWID), 35 P.S. § 780-113(a)(30).  After careful review, we affirm.

The trial court set forth a detailed summary of the facts and procedural history of Appellant's case, which we need not reproduce herein.  **See** Trial Court Opinion (TCO), 4/13/18, at 1-7.  We only note that Appellant's PWID convictions stemmed from his conducting several controlled drug sales to a confidential informant (CI), after which a search of Appellant's person and residence revealed cash and narcotics in his possession.  Appellant was tried

by a jury and convicted of three counts of PWID. On April 13, 2017, he was sentenced to the aggregate term stated *supra*.

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On April 13, 2018, the trial court issued a Rule 1925(a) opinion. Herein, Appellant states the following three issues for our review:

1. Whether the verdict was against the sufficiency and/or weight of the evidence[?]

2. Whether the court erred in admitting evidence that had a prejudicial effect that far outweighed any probative value[?]

3. Whether the court abused its discretion in not providing a point for charge[?]

Appellant's Brief at 1.

Initially, we deem Appellant's claims waived. First, Appellant's contention that the verdict was against the weight of the evidence is waived based on his failure to raise that issue below. **See** Pa.R.Crim.P. 607(A) (directing that a claim that the verdict is against weight of evidence must be raised before trial court orally or in a written motion prior to sentencing, or in a post-sentence motion); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Additionally, in challenging the sufficiency of the evidence, Appellant solely argues that the Commonwealth's "main witness" was incredible. Appellant's Brief at 4. Appellant failed to raise this sufficiency claim in his Rule 1925(b)

statement and, thus, it is waived. *See* Pa.R.A.P. 1925(b) Statement, 2/14/18, at 1 ¶ 2 ("That the evidence was not sufficient to support a conviction in this case because there was no qualified expert testimony to support a conviction for [PWID]."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[1]

Second, Appellant asserts that the court erred by permitting "police officer, Louis Hardy…, to testify about his disbelief that the narcotics were possessed for personal use." Appellant's Brief at 6 (citing N.T., 9/27/16, at 148-49). Aside from citing case law regarding the admissibility of evidence, in general, Appellant's entire argument in support of his claim is as follows:

> Although Officer Hardy testified as an expert, an expert's testimony must comply with the evidentiary rules just as any other witness. Allowing such testimony created a negative inference, and influenced the jury to render a verdict contrary to the evidence presented. This occurrence undoubtedly had a prejudicial effect against … Appellant and was substantially outweighed by its probative value.

*Id.* at 6. Appellant's cursory, confusing, and legally unsupported argument is not sufficient to permit our meaningful review; consequently, his second issue is also waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it

---

[1] We also observe that attacks on credibility determinations are challenges to the weight, not sufficiency of the evidence. *See Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997).

is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted).

The same is true for Appellant's third and final claim. Therein, he avers that the trial court erred by "not providing a point for charge." Appellant's Brief at 6 (capitalization and emphasis omitted). Appellant does not specifically identify or discuss what 'point for charge' should have been given by the court. Instead, his entire argument pertains to the court's failure to order the Commonwealth to disclose the identity of the CI in this case. *See id.* at 6-7. Because Appellant's argument does not align with his statement of the issue, nor with how he presented this claim in his Rule 1925(b) statement, we deem his third issue waived. *See* Pa.R.A.P. 1925(b) Statement at 2 ¶ 4 ("That the trial court erred by not giving a point for charge because the Commonwealth failed to produce a material witness, the confidential informant[,] at trial."); Pa.R.A.P. 1925(b)(4)(vii).

Notwithstanding Appellant's waiver of each of his claims, we would conclude that they are meritless. We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough and well-crafted opinion of the Honorable Charles J. Cunningham of the Court of Common Pleas of Philadelphia County. We would conclude that

Judge Cunningham's opinion accurately disposes of the arguments presented by Appellant.  *See* TCO at 7-11.  Accordingly, we would adopt his decision as our own and affirm Appellant's judgment of sentence for the reasons set forth therein, had Appellant preserved his claims for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/2/19