J. S17038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 v. :
 :
EDWIN DESEAN STUBBS, : No. 1351 EDA 2018
 :
 Appellant :


Appeal from the Judgment of Sentence, May 1, 2018,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0008668-2016


BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 22, 2019**

Edwin DeSean Stubbs appeals from the May 1, 2018 judgment of sentence entered in the Court of Common Pleas of Montgomery County following his conviction in a waiver trial of one count each of unlawful contact with minor – sexual abuse; criminal use of communication facility; and corruption of minors.[1]  The trial court imposed an aggregate sentence of 6 to 23 months of incarceration, followed by a 7-year probationary term.  We affirm.

The relevant facts, as gleaned from the trial court opinion, are as follows:  In the fall of 2015, appellant was a communications director at a day and boarding school located in Montgomery County.  Appellant's position

---

[1] 18 Pa.C.S.A. §§ 6318(a)(5), 7512(a), and 6301(a)(1)(i), respectively.

required him to live in a campus dormitory and oversee the safety and security of the students who lived in that dormitory. Appellant also oversaw the after-school photography club. Appellant identified as homosexual. Appellant bonded with G.S., a 15-year-old new student who had joined the photography club.[2] G.S. also identified as homosexual. Appellant and G.S. began exchanging text messages and communicating on the multimedia messaging application Snapchat.

By the spring of 2016, the relationship between G.S. and appellant "morphed into something more sinister, driven by [appellant's] selfish, irresponsible, and unyielding sexual proclivities." (Trial court opinion, 10/16/18 at 2.) In March 2016, the first inappropriate incident occurred wherein appellant communicated with G.S. via Snapchat and asked whether G.S. had "ever measured 'it' yet and when was the last time you 'rubbed your junk.'" (*Id.* at 2-3.) On May 18, 2016, appellant again initiated contact with G.S. via Snapchat. On that date, appellant requested that G.S. send appellant a picture of G.S.'s penis. G.S. refused. Appellant became angry and told G.S. "their friendship was 'done'" and directed G.S. to retrieve his camera from appellant's office and then leave. (*Id.* at 3.)

G.S. shared appellant's Snapchat solicitation by texting the screenshot to his classmate and friend, E.C. G.S. confided in E.C. because she had told

---

[2] The record reflects that the acts giving rise to appellant's convictions occurred when appellant was 24 years old. (**See** police criminal complaint, 10/25/16.)

him a week earlier that appellant had solicited another student, E.C.'s 19-year-old boyfriend, S.D., in a similar way.

The next morning, G.S. and E.C. reported appellant's actions to Carol Dougherty, appellant's co-worker. The school's headmaster was immediately notified, and campus security removed appellant from campus. "During the ensuing investigation, additional incidents of [appellant's] inappropriate conduct were uncovered." (*Id.* at 5.)

Following his conviction, appellant elected against filing a post-sentence motion. Appellant did, however, file a timely notice of appeal. The trial court ordered appellant to file a statement of errors complained of on appeal pursuant Pa.R.A.P. 1925(b). The trial court then filed its Rule 1925(a) opinion.

On appeal, appellant raises the following issues:

1. Did the [trial c]ourt err by finding there was sufficient evidence presented at trial to convict [appellant] on charges of Unlawful Contact with a Minor and was that decision also made against the weight of the evidence?

2. Did the [trial c]ourt err when it denied [appellant's] Motion for Judgment of Acquittal?

Appellant's brief at 7.

Appellant first claims that the evidence was insufficient to sustain his unlawful contact with minor conviction. It is well settled that when challenging the sufficiency of the evidence on appeal, in order to preserve that issue for appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. ***Commonwealth v.***

***Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009), ***appeal denied***, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted).  In his Rule 1925(b) statement, appellant frames his sufficiency challenge as follows:  "The evidence presented at trial was insufficient to prove the charges of Unlawful Contact with Minor-Sexual Abuse and the decision was also made against the weight of the evidence."  (Appellant's "concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)", 5/25/18 at 1, ¶ 1.) Because appellant failed to specify the element or elements upon which he now claims the evidence was insufficient, appellant waives this issue on appeal.  ***See Gibbs***, 981 A.2d at 281.

Nevertheless, we note that in his brief, appellant argues that "[s]ufficient doubt existed regarding who [appellant] believed he was communicating with," as demonstrated by appellant's testimony at trial that he did not know who he was communicating with and that he was intoxicated and Snapchatting with 4 to 5 people simultaneously at the time he allegedly committed the offense.  (Appellant's brief at 23.)  In so arguing, appellant challenges the weight of the evidence, not its sufficiency.  ***See***, ***e.g.***, ***Commonwealth v. Wilson***, 825 A.2d 710, 713-714 (Pa.Super. 2003) (reiterating that a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); ***Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa.Super. 1997) (restating that the fact-finder makes credibility determinations, and challenges to those

determinations go to the weight of the evidence, not the sufficiency of the evidence).

Although appellant includes a weight challenge in his first issue on appeal, to be preserved for appellate review, Pennsylvania Rule of Criminal Procedure 607 requires an appellant to raise the claim with the trial judge in a motion for a new trial "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, comment.

Our review of the certified record before us reveals that appellant failed to raise his weight claim with the trial judge in a motion for a new trial orally, on the record, prior to sentencing; by written motion prior to sentencing; or in a post-sentence motion. Accordingly, appellant waives his weight claim on appeal.[3]

Appellant next contends that the trial court erred in denying his motion for judgment of acquittal.

---

[3] We note that even if appellant preserved his weight claim, appellant does nothing more than invite this court to assess witness credibility and reweigh the evidence, which is not a function of an appellate court. "The [trial court], as fact-finder[, however,] had the duty to determine the credibility of the testimony and evidence presented at trial." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa.Super. 2016) (citation omitted). Appellate courts cannot and do not substitute their judgment for that of the fact-finder. *See id.*

The record reflects that at the close of the Commonwealth's evidence, appellant orally made a motion for judgment of acquittal that (1) challenged the evidence with respect to crimes committed against S.D. and (2) challenged the trial court's jurisdiction with respect to crimes committed against G.S. (Notes of testimony, 10/25/17 at 124-128.) The record reflects that appellant was acquitted of all charges stemming from crimes committed against S.D. On appeal, appellant does not challenge the trial court's jurisdiction with respect to crimes committed against G.S., all of which resulted in convictions. Therefore, appellant has no appealable claims regarding the trial court's denial of his motion for judgment of acquittal. Nevertheless, we note that appellant complains that the trial court erred in denying that motion because his unlawful use of communication facility and corruption of minors convictions:

> necessarily flow from the same flaws in reasoning presented [in the argument on his first issue]. Without the fallacies inherent in determining sufficient proof has been presented to convict [appellant] of Unlawful Contact with a Minor, convictions on these two counts are likewise impossible as a matter of law.
>
> It is worth noting, however, that the Commonwealth, as part of their investigation, did not see fit to seize any of [appellant's] electronic devices in order to attempt to corroborate any of the fictions alleged by any of the witnesses against him. Whether this be an oversight, an error, or a deliberate, calculated failure to act, is irrelevant. It is enough to note that the Commonwealth did not seek to bolster any of their charges against [appellant] by the one definitive means that would have either exonerated him or convicted him beyond all reasonable doubt.

Appellant's brief at 24-25.

To the extent that appellant attempts to challenge the sufficiency of the evidence to sustain his unlawful use of communication facility and corruption of minors convictions, appellant waives those challenges for failure to raise them in his Rule 1925(b) statement. With respect to appellant's seeming claim that those convictions cannot stand because the Commonwealth failed to seize appellant's devices which would have either corroborated the evidence against appellant or exonerated him, appellant failed to raise this issue with the trial court and, therefore, waives it on appeal.[4] *See* Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/19

---

[4] Even if appellant preserved this issue below, appellant cites to no authority that required the Commonwealth to corroborate its evidence by seizing appellant's devices, and we are aware of none. As such, we would have concluded that appellant waived this claim for failure to cite to pertinent authority to substantiate the claim. Pa.R.A.P. 2119(a); ***see also Commonwealth v. Simmons***, 56 A.3d 1280, 1286 (where defendant failed to cite to pertinent legal authority to substantiate a claim, defendant waives the claim under Pa.R.A.P. 2119(a)).