J. S62041/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM CURTIS IKARD, II, | : | No. 928 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered March 20, 2019,
in the Court of Common Pleas of Beaver County
Criminal Division at No. CP-04-CR-0002117-2017

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 6, 2020**

William Curtis Ikard, II, appeals the March 20, 2019 judgment of sentence entered in the Court of Common Pleas of Beaver County following his conviction in a waiver trial of criminal trespass (defiant trespasser) and loitering and prowling at night time.[1]  The trial court imposed a $100 fine on the summary criminal trespass conviction and sentenced appellant to 30 days to 12 months in the Beaver County Jail on the loitering and prowling at night time misdemeanor conviction.  We affirm.

The trial court set forth the following:

> The evidence at trial indicated that [appellant] was observed at night on a fence-enclosed and gated pool deck belonging to the victim, and which was adjacent to the victim's home.  He fled when he was confronted by the victim, jumping over the fence and running

---

[1] 18 Pa.C.S.A. §§ 3503(b)(1)(iii) and 5506, respectively.

away down the street. [Appellant] was found a short time later by the police several blocks away from the victim's residence. He was identified by the victim in part by the uniqueness of the clothing he wore. The evidence also showed that [appellant's] shoes matched the suspect's shoeprints which were left on the victim's pool deck.

Trial court opinion, 7/15/19 at 1.

Following his conviction and imposition of sentence, appellant filed a timely post-sentence motion,[2] which the trial court denied. Appellant then filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

[1.] Whether the appellant's conviction should be reversed because the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that the appellant was guilty of the crimes of defiant trespass and loitering and prowling[?]

[2.] Whether the appellant's conviction, assuming that sufficient evidence has been presented, should be reversed because the guilty verdict

---

[2] The record reflects that appellant filed his post-sentence motion on March 27, 2019, and titled it a "post trial motion and request for transcripts." (Appellant's post-trial motion and request for transcripts, 3/27/19 at 1.) In that motion, appellant (1) claimed that the trial court "erred by not allowing video evidence to be admitted"; (2) raised an ineffective assistance of counsel claim; and (3) "argue[d] that the Commonwealth failed to establish beyond a reasonable doubt all of the elements of the offenses for which he was convicted." (*Id.* at 1-2.)

rendered contradicts the weight of the evidence presented by the Commonwealth at trial?

Appellant's brief at 8 (full capitalization omitted).

It is well settled that when challenging the sufficiency of the evidence on appeal, that in order to preserve that issue for appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient. **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa.Super. 2009), **appeal denied**, 3 A.3d 670 (Pa. 2010) (citation omitted). Here, in his Rule 1925(b) statement, appellant frames his sufficiency challenge as follows: "The Commonwealth did not present sufficient evidence to prove beyond a reasonable doubt that [a]ppellant is guilty of the crime alleged." (Appellant's "concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)," 7/9/19 at 2, ¶ 7(i).) Because appellant failed to specify the element or elements of the crime or crimes upon which he now claims the evidence was insufficient, appellant waives his sufficiency challenge on appeal. **See Gibbs**, 981 A.2d at 281.

Nevertheless, we note that in his brief, appellant rehashes trial testimony and points out inconsistencies in the testimony in order to convince this court that "someone else was the intruder (not [a]ppellant)." (Appellant's brief at 10-12.) In so doing, appellant challenges the weight of the evidence, not its sufficiency. **See**, **e.g.**, **Commonwealth v. Wilson**, 825 A.2d 710, 713-714 (Pa.Super. 2003) (reiterating that a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the

- 3 -

weight of the evidence); ***Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa.Super. 1997) (restating that the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence).

Although appellant includes a weight challenge in his second issue on appeal, to be preserved for appellate review, Pennsylvania Rule of Criminal Procedure 607 requires an appellant to raise the claim with the trial judge in a motion for a new trial "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, comment.

Our review of the certified record before us reveals that appellant failed to raise his weight claim with the trial judge in a motion for a new trial orally, on the record, prior to sentencing, by written motion prior to sentencing, or in a post-sentence motion. Accordingly, appellant waives his weight claim on appeal.[3]

---

[3] We note that even if appellant preserved his weight claim, appellant does nothing more than invite this court to assess witness credibility and reweigh the evidence. For example, appellant takes issue with the victim's identification of appellant based on a clothing description because "many young males wear dark clothing." (Appellant's brief at 14.) Appellant also takes issue with the Commonwealth's shoe-print evidence because "many young men wear this type of shoe." (***Id.*** at 15.) Appellate courts do not reweigh evidence or substitute their judgment for that of the fact-finder. **See**, ***e.g.***, ***Commonwealth v. Talbert***, 129 A.3d 536, 546 (Pa.Super. 2016).

J. S62041/19

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2020