J. S23044/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
RAMON JAQUEZ MARTINEZ, : No. 1396 EDA 2019
:
Appellant :


Appeal from the Judgment of Sentence Entered March 22, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001947-2015


BEFORE:  NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 24, 2020**

Ramon Jaquez Martinez appeals from the March 22, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after his conviction in a waiver trial of rape of a child, sexual assault, corruption of minors, indecent assault person less than 13 years of age, indecent exposure, and simple assault.[1]  The trial court imposed an aggregate sentence of 7½ to 15 years of incarceration followed by 5 years of probation.  We affirm.

The trial court set forth the following:

> Appellant raped his girlfriend's daughter [the "victim"] on numerous occasions beginning when she was approximately 6 or 7 years old until the time her mother ["Mother"] found [a]ppellant in [the victim's] bed when she was 9 years old in 2014.

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3124.1, 6301, 3126(a)(7), 3127(a), and 2701(a), respectively.

[The victim] lived with her [Mother], [a]ppellant, who was [M]other's boyfriend, and [a]ppellant's brother, Alenjandro [sic] Martinez, along with several children of [Mother's]. Beginning when [the victim] was in the 2nd grade, [a]ppellant began engaging in sexual relations with the child. These incidents would happen in both the kitchen and in her bedroom, as well as in [M]other's bedroom. She described [appellant] taking off her pants and placing his exposed penis in her vagina. He told her not to tell anyone what he did. One day, he was sitting on her bed, and [M]other walked into the room. Appellant left the room. Over the next few days, [the victim's] [M]other asked her multiple times if [a]ppellant had touched her. [The victim] at first did not tell [Mother] what had been happening to her. However, after 2 days and [Mother's] asking her multiple times, [the victim] told her [M]other that [a]ppellant had, in fact, been "touching" her.

[Mother] took [the victim] to St. Christopher's Hospital for Children the same day [the victim] told her about what [a]ppellant had been doing to her. Prior to going to the hospital, [Mother] told [the victim] to tell the hospital staff what happened, but she told her not to tell anyone who did it. [Mother] told [the victim] to say she didn't know who it was who had been raping her. After medical personnel examined [the victim, M]other spoke to the police and subsequently took [the victim] to have a forensic interview at the Philadelphia Children's Alliance (PCA). Again, [Mother] told [the victim] to tell the interviewer that she did not know who raped her.[Footnote 1] A short time later, [the victim] went to live with her father [("Father")]. It was then that she told [F]ather all that had been happening to her in the home with [M]other, [a]ppellant and Alejandro Martinez.[Footnote 2] [Father] took [the victim] back to PCA where another forensic interview was conducted. [The victim] told the interviewer that name of [a]ppellant and his brother who had been assaulting her and told them that [Mother] told her to lie. Police arrested [a]ppellant for Rape and related offenses.

[Footnote 1] [Mother] was arrested . . . for Intimidation of a Witness, Endangering Welfare of a Child and Hindering Apprehension. She was convicted of Endangering Welfare of a Child and Hindering Apprehension.

[Footnote 2] Alejandro Jaquez Martinez was arrested . . . for Rape and related offenses. He was found not guilty.

Trial court opinion, 9/30/19 at 2-4 (record citations omitted).

Following imposition of sentence, appellant did not file post-sentence motions or a direct appeal. Rather, on December 1, 2016, appellant filed a *pro se* PCRA[2] petition. Appointed counsel then filed an amended PCRA petition that raised trial counsel's ineffectiveness for failure to file a direct appeal. The Commonwealth did not oppose the grant of PCRA relief. The trial court then reinstated appellant's direct appeal rights *nunc pro tunc*. Appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

Was the evidence insufficient to sustain the guilty verdicts for rape and sexual assault as [a]ppellant asserts there was insufficient evidence of any penetration, however slight[?]

---

[2] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

Appellant's brief at 7.

In his brief, appellant "acknowledges that the uncorroborated testimony of a complainant may be sufficient, [but] here, the evidence was much too insufficient and lacking to sustain guilty verdicts because of the numerous issues with the [victim's] testimony." (Appellant's brief at 13.) Appellant then points out that "other children and at least one other adult were present" in the home, "none of whom noticed anything." (*Id.* at 14.) Appellant goes on to attack the victim's credibility by highlighting an inconsistency between her testimony and her PCA interview and informing this court that no forensic evidence corroborated her testimony. Appellant contends that the victim "was at best greatly confused and mistaken as to being assaulted by [a]ppellant." (*Id.*) Appellant calls this court's attention to his cooperation with police wherein he explained in his police statement "that perhaps there was inadvertent contact while the child slept," but "there was no penetration." (*Id.* at 15.) In so doing, appellant challenges the weight of the evidence, not its sufficiency. *See*, *e.g.*, *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (reiterating that a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997) (restating that the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence).

J. S23044/20

Appellant failed to raise a weight claim with the trial court in a motion for a new trial "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion" as required by Pa.R.Crim.P. 607(A). Therefore, we have nothing to review.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/24/2020*

- 5 -