J-S13015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARALEIGH CORREA-POOLE | |
| Appellant | No. 1257 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0001394-2018

BEFORE:  STABILE, DUBOW, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 28, 2020**

Appellant, Karaleigh Correa-Poole, appeals from the March 14, 2019 judgment of sentence imposing 72 hours to six months of incarceration for Driving Under the Influence ("DUI"), 75 Pa.C.S.A. § 3802(a)(1) and (c).[1]  We affirm.

The trial court summarized the pertinent facts in its opinion of July 19, 2019:

> The evidence at trial in this matter included testimony from Dustin Neumann, Jacqueline Lepore, Officer Andrew Magargee, Officer Nicholas Raia, and [Appellant's] wife, Tracy Correa-Poole. Mr. Neumann testified that he was walking from his residence to his car when he saw a motorcycle with two occupants stopped at a nearby red light.  He watched the motorcycle proceed through

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was convicted of disorderly conduct, 18 Pa.C.S.A. § 5503, but the trial court imposed no further punishment for that offense.

the light after it changed, driving toward his residence. He observed the motorcycle appear to have mechanical trouble before coming to a stop across the street from his driveway. He observed that the driver of the motorcycle was noticeably taller than the passenger. The driver was wearing a helmet and a black jacket. He observed the two occupants walk the motorcycle across the street to the front of his residence. Mr. Neumann was going to his car to move it at the time of these events. After moving his car and returning home, he observed the individuals at the scene and noted that the police were administering field sobriety tests to the person he saw driving the motorcycle.

Ms. Lepore, who lived with Mr. Neumann, testified that she heard loud noises coming from the street, and she looked outside through the window. She observed two individuals fighting and cursing at each other near a motorcycle. She called 911 and reported the fight. Ms. Lepore watched as the taller individual unsuccessfully attempted to get the motorcycle to work.

On arrival of the police Officer Magargee questioned [Appellant] who admitted that she was the driver of the vehicle. While speaking to [Appellant], Officer Magargee detected the odor of alcoholic beverages emanating from [Appellant's] person. He asked Officer Raia to perform standardized field sobriety tests on [Appellant]. [Appellant] failed the standardized field sobriety tests. She was arrested and transported to Mount Nittany Medical Center for chemical blood testing. The results indicated her blood alcohol concentration level was .217%.

While on the scene, Officers Magargee and Raia spoke to [Appellant's] wife, who gave several versions of what had transpired. Initially, she stated that [Appellant] was driving the vehicle. As [Appellant] was being arrested, [Appellant's] wife changed her story and claimed that she was actually the driver. After Trooper Raia informed [Appellant's] wife he suspected she was also intoxicated, [Appellant's] wife changed her story again and stated that [Appellant] was the driver. At trial, [Appellant's] wife testified that she had been driving the motorcycle, not [Appellant].

Trial Court Opinion, 7/19/19, at 3.

On January 11, 2019, the trial court, sitting as fact finder, found

Appellant guilty of the aforementioned offenses. The trial court imposed a

sentence on March 14, 2019, and Appellant filed a timely post-sentence motion. The trial court denied the motion on March 28, 2019, and this timely appeal followed. Appellant challenges the weight and sufficiency of the evidence, claiming there is no evidence that she was in actual physical control[2] of the motorcycle:

1. Whether the evidence presented was insufficient to sustain a guilty verdict as to each count where there was no credible evidence to show Appellant was in actual physical control of the movement of the vehicle during the time she may have been intoxicated?

2. Whether the evidence presented was insufficient to sustain a guilty verdict as to each count where the eyewitness testimony was from such a distance as to render it factually and legally insufficient to support a conviction?

_____

[2] Actual physical control is an element of §§ 3802(a)(1) and 3802(c):

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

[...]

**(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802.

3. Whether the verdict was against the weight of the evidence where the Commonwealth failed to establish that [Appellant] was in actual physical control of the vehicle?

4. Whether the verdict was against the weight of the evidence where the eyewitness testimony was from such a distance and under such conditions as to render it factually and legally unable to support a conviction?

Appellant's Brief at 8-9.

We begin with some observations on the distinction between challenges to the weight and sufficiency of the evidence. An appellant challenging the sufficiency of the evidence claims that the Commonwealth failed to prove one or more elements of the offense beyond a reasonable doubt. The appellate court must consider the evidence in a light most favorable to the Commonwealth, as verdict winner. A successful challenge to the sufficiency of the evidence precludes retrial on Double Jeopardy grounds. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

A challenge to the weight of the evidence concedes that there is sufficient evidence of each element of the offense. Instead, the appellant claims that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* at 752. A challenge to a witness' credibility is a challenge to the weight, not sufficiency, of the evidence. *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997). An assessment of the weight of the evidence rests within the trial court's discretion, and a successful challenge results in a new trial. *Widmer.* 744 A.2d at 751-52.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth. v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted), *cert. denied*, 542 U.S. 939 (2004).

In all four of her questions presented, Appellant claims there was no credible evidence she was in actual physical control of a motorcycle while she was intoxicated, and she claims that the eyewitness who saw her driving the motorcycle was too far away. Because both of these claims challenge witness credibility, they are challenges to the weight of the evidence. We will analyze them accordingly.

As noted above, several witnesses noticed Appellant and Tracy Correa-Poole ("Tracy") on a motorcycle. Appellant was "significantly" taller, and eyewitness Dustin Neumann observed the taller woman driving. N.T. Trial, 1/11/19, at 17, 21, 24-25. Neumann estimated he was 25 to 50 feet away from the motorcycle when he saw the taller woman driving it. *Id.* at 21. Neumann later observed police performing field sobriety tests on the woman who was driving. *Id.* at 20. Appellant initially admitted to police that she was the driver of the vehicle. Tracy admitted that Appellant was driving, but changed her story several times, finally testifying at trial that she, not Appellant, was in control of the motorcycle.

Against this evidence, Appellant notes that her sweater became entangled in the rear wheel of the motorcycle, from which she would have us infer that she was sitting in the rear seat. Appellant's Brief at 14-15. Also, she claims Neumann's testimony is not credible because he observed her from in his driveway on the opposite side of the street. Appellant does not address Neumann's testimony that he was only 25 to 50 away when he observed the significantly taller of the two women in control of the vehicle.

In our view, the trial court acted well within its discretion in denying Appellant's motion for a new trial. The trial court found persuasive Newman's eyewitness testimony that Appellant was in control of the motorcycle and that both Appellant and Tracy admitted at the scene that Appellant was the driver. The record supports this evidence and the weight that the trial court chose to place on this evidence does not shock our conscience. Thus, Appellant has failed to establish that the trial court abused its discretion in denying her motion for a new trial based the weight of the evidence. Appellant's arguments do not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/28/2020