**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANNON MARIE YOHE | : | |
| | : | |
| Appellant | : | No. 257 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 6, 2020
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0002040-2018

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:             **FILED:  January 10, 2022**

Appellant, Shannon Marie Yohe, appeals *nunc pro tunc* from the judgment of sentence of two years' probation, a $100 fine, and a requirement to complete parenting classes, imposed after she was convicted, following a non-jury trial, of endangering the welfare of a child ("EWOC"), 18 Pa.C.S. § 4304(a)(1).  Appellant challenges the sufficiency and weight of the evidence to sustain her conviction.  After careful review, we affirm.

Appellant's conviction stemmed from the following evidence.  At trial, the victim testified that in the early morning hours of July 11, 2018, she was sleeping on the couch in the living room of the home she shared with her mother, Appellant, and her step-father, Thaddeus Yohe ("Thaddeus").  N.T. Trial, 11/26/19, at 39, 40.  The victim claimed that Appellant came into the

_____

[*] Retired Senior Judge assigned to the Superior Court.

room and tried to take the victim's cell phone, at which point a struggle over the phone ensued. ***Id.*** at 40. Appellant called out for Thaddeus to come help her. ***Id.*** at 41.

According to the victim, when Thaddeus came into the room, he held her arms back as Appellant continued to try to get the victim's phone. ***Id.*** at 42. As Thaddeus was trying to restrain the victim's arms, she felt "his hand hit [her] face." ***Id.*** The victim testified Thaddeus hit her "[w]ith a closed fist…." ***Id.*** She testified that she became dizzy and her head started "to pound with a … headache." ***Id.*** at 43. She fell to the floor, at which point Thaddeus kicked her "[t]wo or three" times in her thigh while calling her "a stupid brat." ***Id.*** at 43, 44. During this, Appellant "was still trying to get [the victim's] phone off of [her]." ***Id.*** at 44. Eventually, Appellant stopped struggling with the victim for the phone, and the victim ran to the basement of the home. ***Id.*** There, she went into the bathroom and looked in the mirror, seeing that her face was starting to get "black and blue[,]" and was red and "puffy." ***Id.*** at 46.

The next morning, the victim took a picture of her bruised face, which was entered into evidence as Commonwealth's Exhibit No. 1. ***Id.*** at 48. Asked at trial to describe the picture, the victim testified that it showed her face was red "[u]nder [her] eye" and "ha[d] bruising close to where the bottom of her eye is and [her] temple." ***Id.*** The victim testified that the day after the incident, Appellant and Thaddeus bought makeup, and Appellant applied it to the victim's eye to cover the bruising. ***Id.*** at 52, 53.

Ultimately, the victim's biological father discovered what happened and notified the police. *Id.* at 54, 55. On the evening of July 12, 2018, an officer came to Appellant's home to speak to the victim. *Id.* at 55. The officer asked the victim what happened to her eye, and she told him that her 4-year-old brother had kicked her. *Id.* at 56-57. The victim testified that she lied to the officer because Appellant had "told [her] to" say that. *Id.* at 57.

Thaddeus and Appellant, who were co-defendants, also testified at trial. Both admitted that they physically struggled with the victim over the phone, but each denied that Thaddeus punched or kicked the victim. *See id.* at 140, 143, 172. Rather, they claimed that the only time Thaddeus touched the victim's face was after the victim bit his thumb. Specifically, Thaddeus stated that the victim "got [his] entire thumb in her mouth and bit pretty hard[,]" at which point he "reached down to [the victim's] face to try to get her to release [his] thumb." *Id.* at 170, 171. Appellant similarly claimed that the victim bit Thaddeus "[o]n his finger knuckle or thumb knuckle … pretty hard[,]" and that Thaddeus's right hand touched the victim's cheek as he moved to get her to release his finger from her bite. *Id.* at 142.

At the close of the evidence, the trial court found that the photograph of the victim depicted "a fresh injury that was … caused by a closed … fist punch and nothing short of that." *Id.* at 191. Accordingly, the court convicted Appellant of EWOC. Thaddeus was also convicted of EWOC, simple assault, and recklessly endangering another person. On August 6, 2020, the court sentenced Appellant as stated *supra*.

- 3 -

Appellant did not file a post-sentence motion or a direct appeal. However, she subsequently filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of her post-sentence motion and appellate rights, which the court granted. Appellant thereafter filed a post-sentence motion, which the court denied. Appellant then filed a timely notice of appeal, and she complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion.

Herein, Appellant states two questions for our review:

Question 1: Did the [trial c]ourt … err by finding [Appellant] guilty of [EWOC] based on the unsupported conclusion that a picture of a bruise on the [victim's] face depicted "a fresh injury that was … a closed … fist punch and nothing short of that" delivered by co-defendant Thaddeus … and thus with no evidence that [Appellant] "knowingly" endangered her daughter's welfare by "violating a duty of care, protection or support" for purposes of sustaining a conviction under 18 Pa.C.S. § 4304(a)(1)?

***

Question 2: Did the [trial c]ourt … abuse its discretion by denying … Appellant's motion for a new trial, which contended that the verdict was against the weight of the evidence, where the evidence embodied in the photograph admitted as Commonwealth's Exhibit No. 1 was more consistent with the two [d]efendants' accounts of Thaddeus['s] … efforts to free his thumb from … [the victim's] mouth than with a closed-fisted punch delivered by a 325-pound man to the face of a 12-year-old girl?

Appellant's Brief at 6, 7.

Appellant first challenges the sufficiency of the evidence to sustain her EWOC conviction. That offense is defined as follows:

**(a) Offense defined.--**

> (1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S. § 4304(a)(1).

In Appellant's Rule 1925(b) statement, she stated that "the evidence was insufficient to establish, beyond a reasonable doubt, that [Appellant] was aware that the minor child 'was in circumstances that could threaten the child's physical or psychological welfare' for purposes of convicting her under 18 Pa. C.S. § 4304(a)." Pa.R.A.P. 1925(b) Statement, 4/28/21, at 6. Thus, Appellant preserved a claim that the evidence failed to prove she had the requisite *mens rea* or, in other words, that she **knowingly** endangered her daughter.

However, in her brief to this Court, Appellant presents different arguments. First, Appellant points out ostensible omissions and inconsistencies in the victim's account of the incident, arguing that based thereon, the court should have believed Appellant's and Thaddeus's testimony that Thaddeus did not strike or kick the victim. **See** Appellant's Brief at 16-20. Second, Appellant contends that the evidence was insufficient to sustain her EWOC conviction because the court's verdict was premised on its conclusion that the photograph of the victim's face showed "a fresh injury that was … caused by a closed … fist punch and nothing short of that." N.T. Trial at 191. According to Appellant, there was no expert testimony or other

evidence to support the court's conclusion that the bruising was "fresh" and, thus, the court should have found credible the victim's initial statement to police that the bruise was caused by her brother kicking her, not Thaddeus's striking her.

Appellant did not raise either of these claims in her Rule 1925(b) statement and, consequently, the court did not address them in assessing the sufficiency of the evidence to support her EWOC conviction. Thus, Appellant's arguments are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[1] Moreover, even if not waived, Appellant's attacks on the credibility of the victim's testimony go to the weight, not the sufficiency, of the evidence. *See Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (stating that "credibility determinations are made by the fact finder and that challenges thereto go to the weight, and not the

_____

[1] We note that the court's order directing Appellant to file a Rule 1925(b) statement informed her that "[a]ny issue not properly included in the statement timely filed and served pursuant to [Rule] 1925(b)(1) shall be deemed waived." Order, 2/24/21 (single page); *see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

sufficiency, of the evidence"). For these reasons, we conclude that Appellant's

first issue is waived and/or not an appropriate sufficiency challenge.[2]

Next, Appellant contends that the trial court's verdict was contrary to

the weight of the evidence.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations

and internal quotation marks omitted).

---

[2] Notwithstanding, we would agree with the trial court that, "[b]ased on [the victim's] credible testimony, [Appellant] requested Thaddeus['s] help in physically removing [the victim's] cell phone from her person in a situation that jeopardized her safety." Trial Court Opinion, 5/14/21, at 4. The victim testified that Appellant initiated the struggle over the victim's cell phone, and then called for Thaddeus to help. *See* N.T. Trial at 42. As Thaddeus restrained the victim's arms, Appellant continued to try to take the victim's phone from her hands. *Id.* Appellant was present when Thaddeus punched the victim in the face with a closed fist, and then kicked her "two or three times" after she fell to the floor. *Id.* at 43. The victim testified that as Thaddeus was punching and kicking her, Appellant "was still trying to get [the victim's] phone off of [her]." *Id.* at 44. She claimed that Appellant "didn't really try" to stop Thaddeus from hitting and kicking her. *Id.* at 46. Based on this testimony, we would conclude that the Commonwealth presented sufficient evidence to prove that Appellant committed EWOC by knowingly placing the victim in a dangerous situation, in violation of Appellant's parental duty to the victim.

Here, Appellant contends that the trial court's verdict is contrary to the weight of the evidence because the victim's testimony was wholly unbelievable. Specifically, Appellant points out that the victim inconsistently testified on direct-examination that Thaddeus struck her just once, but then claimed on cross-examination that he hit her multiple times. *See* N.T. Trial at 42, 43, 95-96. Appellant also stresses that Thaddeus is 6'1" tall and weighs 325 pounds, *id.* at 163, and, thus, "[e]ven one closed fisted punch delivered by a man of Thaddeus['s] … size and weight to the face of a 12-year-old girl would have resulted in far more trauma than what is depicted" in the picture of the victim's face. Appellant's Brief at 24. Additionally, Appellant argues that it is completely unbelievable that Thaddeus kicked the victim's leg multiple times while wearing steel-toed work boots, yet she had no bruises. Accordingly, Appellant insists that "[t]he weight of the evidence in this case … tilts so strongly against the account provided by [the victim] as to render the evidence against … Appellant so unreliable and/or contradictory that the verdict … rest[s] on pure conjecture." *Id.*

Initially, we note that in Appellant's post-sentence motion and her Rule 1925(b) statement, she preserved only her claim that "the injury depicted in the photograph admitted as Commonwealth's [Exhibit] No. 1 is more consistent with [her and Thaddeus's] accounts of Thaddeus's effort to free his thumb from the [victim's] mouth than with a closed-fisted punch delivered by a 325-pound man to the face of a 13-year-old girl." Pa.R.A.P. 1925(b) Statement, 4/28/21, at 6; *see also* Supplemental Post-Sentence Motion,

12/30/20, at 4 (same). This assertion does not convince us that the court abused its discretion in denying her challenge to the weight of the evidence.

Notably, the photograph of the victim's bruised eye is not included in the certified record before this Court. "It is an appellant's duty to ensure that the certified record is complete for purposes of review." ***Commonwealth v. Reed***, 971 A.2d 1216, 1219 (Pa. 2009). In any event, Appellant does not dispute that the picture of the victim's face shows she had ***some*** bruising of her eye. To the extent Appellant avers that the ***amount*** of bruising is not consistent with the victim's version of the events, it was within the trial court's province to assess the photograph against the victim's testimony and decide the credibility of her claims. Ultimately, the court believed that Appellant called Thaddeus to join in her physical struggle with the victim, and that Appellant was present when Thaddeus struck the victim in the face. The court's credibility determination was supported by the victim's testimony that Appellant tried to cover up the bruising with makeup, and told the victim to lie and say her brother kicked her when explaining the bruising to the police. Accordingly, we discern no abuse of discretion in the trial court's rejection of Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

- 9 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/10/2022</u>